UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY GOODLETT,

        Plaintiffs,

                                            Civil Action No. 22-cv-11226

vs.                                        HON. MARK A. GOLDSMITH

JOHNNY, et al.,

        Defendants.
_____/

## ORDER (1) DISMISSING PLAINTIFF'S AMENDED COMPLAINT (Dkt. 8) AND (2) CLOSING THE CASE

Plaintiff Jeffrey Goodlett, proceeding pro se, filed a complaint asserting federal question jurisdiction as the sole basis for subject-matter jurisdiction. Compl. (Dkt. 1). Specifically, he asserted violations of 18 U.S.C. §§ 2241, 2242. The Court, reviewing Goodlett's complaint sua sponte to determine whether it has subject-matter jurisdiction over the action, concluded that Goodlett's allegations were insufficient to state a claim under either § 2241 or § 2242, meaning that these statutes could not serve as predicates for federal question jurisdiction. 6/9/22 Order at 2–4 (Dkt. 5). But rather than outright dismissing Goodlett's complaint, the Court gave Goodlett an opportunity to file an amended complaint curing the identified defects. Id. at 4. The Court warned Goodlett that failure to do so would "result in the dismissal of this case for lack of subject-matter jurisdiction pursuant to [Federal] Rule [of Civil Procedure] 12(h)(3)." Id.

Goodlett timely filed an amended complaint. Am. Compl. (Dkt. 8). The Court reviews this amended complaint sua sponte to determine whether the Court must dismiss the action for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); Wagenknecht v. United States,

533 F.3d 412, 416 (6th Cir. 2008). Sua sponte dismissal of a complaint is appropriate where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." Apple v. Glenn, 183 F.3d 477, 480 (6th Cir. 1999).

In his amended complaint, Goodlett again asserts federal question jurisdiction as the only basis for subject-matter jurisdiction. Am. Compl. at 3. However, Goodlett has abandoned §§ 2241, 2242 as the predicates for federal question jurisdiction, now relying instead on 10 U.S.C. § 920 Art. 120. Id. at 4. Section 920—entitled "[r]ape and sexual assault generally"—is a portion of the Uniform Code of Military Justice. It does not provide a private right of action. See, e.g., Milhouse v. Hilton Garden Inn Employees, Nos. 22-CV-2934 (LTS), 22-CV-2940 (LTS), 2022 WL 1749844, at *4 (S.D.N.Y. May 31, 2022) (dismissing pro se plaintiff's claim brought under § 920, for failure to state a claim upon which relief may be granted, because "[s]ection 920 . . . does not provide a private right of action"); McArthur v. Yale New Haven, No. 3:20-CV-0998, 2021 WL 3725996, at *4 (D. Ct. Aug. 23, 2021) (dismissing pro se plaintiff's § 920 claims because the statute "does not incorporate a private right of action"). As a result, Goodlett has failed to state a claim upon which relief may be granted, see Milhouse, 2022 WL 1749844 at *4, thereby warranting dismissal under Federal Rule of Civil Procedure 12(b)(6). Because his claim "lack[s] the legal plausibility necessary to invoke federal subject matter jurisdiction," Apple, 183 F.3d at 480, dismissal is also appropriate under Rule 12(h)(3).

The Court dismisses Goodlett's amended complaint (Dkt. 8) pursuant to Rules 12(b)(6) and 12(h)(3). The case is now closed.

SO ORDERED.

Dated: July 7, 2022
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE